WEIMER, J.,
dissenting.
111 respectfully dissent from the majority opinion because the modification of custody undermines the standards imposed by Bergeron v. Bergeron, 492 So.2d 1198 (La.1986).
This case involves a 2004 considered decree that awarded joint custody of a then almost seven-year-old child, with the mother being named as the domiciliary parent, and the father, who resided approximately 75 miles away, enjoying visitation every other weekend, one-half of the major holidays, and most of the summer. Prior to that time, the mother and father shared custody of the child on a seven-day alternating basis pursuant to a 2001 consent decree. The 2004 change was prompted by the mother’s move from Winnsboro to Ruston. The 2004 custody decree remained in place until 2011, when, following the mother’s rule for payment of medical expenses and contempt, the father sought a change in custody such that he would be named as the domiciliary parent and be awarded child support.
The child in this case benefits from the fact that he has two parents who care for him and are willing and able to provide a good home for him. As stated by the majority, “the parents [in this case] are relatively equally balanced in terms of ear-ing for the child.” Mulkey v. Mulkey, 2012-2709, (La.5/7/13), 118 So.3d 357, 368, 2013 WL 1909035. The ^evidence reveals that there are advantages and disadvantages relative to the situation of each parent, and, in my opinion, when these are balanced, the decision as to who is best suited to be the domiciliary parent in this case is effectively a draw. The closeness of this matter is readily evidenced by the differences in the decisions reached by the hearing officer, the trial court, and the court of appeal.
Admittedly, there is no doubt that the father in this case is suited to serve as the domiciliary parent. However, to obtain a change of custody, the father is charged with meeting the heavy burden rule of Bergeron. This court, in Bergeron, cautioned that the heavy burden of proof in change of custody cases is necessary to protect children, whose “best interest and welfare ... may be irreparably damaged not only by a mistaken change in custody but also by the effects of an attempted or threatened change of custody on grounds that are less than imperative.” Bergeron, 492 So.2d at 1200.
In this case, the parties do not dispute that continuation of the present custody was not so deleterious to the child as to justify a modification. Therefore, to justify a change in custody, the father was required to prove “by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron, 492 So.2d at 1200. “Clear and convincing” means more than a “preponderance” but less than “beyond a reasonable doubt.” See Louisiana State Bar Association v. Edwins, 329 So.2d 437, 442 (La.1976). Under the clear and convincing standard, the existence of the disputed fact must be highly probable or much more probable than its nonexistence. Id.
In addressing the harm to the child, the majority notes that the transition from the mother’s home to the father’s home “would not require excessive adaptation” 1 ^because of the time that the child spent with the father pursuant to the 2004 considered decree. Mulkey, 118 So.3d at 363. The majority further notes that “under the circumstances presented in this case, there was no harm in relocating [the child] from Ruston to Winnsboro,” without recognizing the harm inherent in all change of custody *370 cases as recognized in Bergeron. Mulkey, 118 So.3d at 365.
However, in weighing the harm to the child, the court is required to consider that “more harm is done to children by-custody litigation, custody changes, and in-terparental conflict, than by such factors as the custodial parent’s post divorce amours, remarriage, and residential changes, which more often precipitate custody battles under liberal custody modification rules.” Bergeron, 492 So.2d at 1199. “The reasons for the rule are that it is desirable that there be an end of litigation and undesirable to change the child’s established mode of living except for imperative reasons.” Bergeron, 492 So.2d at 1195. Moreover, this provision protects the child and the families from “the vexation and expense attending multiple unjustified lawsuits, conserves judicial resources, and fosters reliance on judicial actions by minimizing the possibility of inconsistent decisions.” Id.
There is no indication that the trial court considered the stress that accompanies the litigation of child custody suits or the importance of stability of environment in considering the harm to the child and ultimately in determining if the father satisfied his heavy burden of proof. By failing to give adequate weight to the harm related to the potential for constant turmoil, the trial court lowered the standards imposed by Bergeron and opened the gate for more litigation to the detriment of the child and his parents. While never final, the child and his parents benefit from the protection afforded by the heavy burden standard imposed by Bergeron, which prevents ajjtug-of-war between parents that is occasionally guided by desire to terminate payment of child and medical support to the domiciliary parent.
Furthermore, I agree with the court of appeal that there was an inadequate consideration by the trial court of the child’s various medical issues, which appear to be real and significant, in examining the possible harm to the child. In addressing this issue, the majority simply notes, from the trial court’s mention of the father’s testimony regarding a balanced diet and the child’s role in his own medical care, “the trial court apparently rejected [the mother’s] assertion that [the father] did not participate in [the child’s] medical care, and failed to monitor his insulin needs and dietary restrictions.” Mulkey, 118 So.3d at 367. The majority further finds that “it is not unreasonable for [the father] to allow [the child] to assume some role in his own medical care” while at the same time faulting the mother for making the child responsible for the preparation of some of his meals while she is at work. Id.
With respect, I believe the majority focuses on the manifest error rule while not adequately considering the Bergeron requirements, which were adopted to limit custody contests on grounds that are less than imperative given the substantial visitation the father already enjoys.
Mindful of the great discretion afforded to the trial court in custody matters, I believe that the trial court’s opinion, while thoughtful and thorough, is deficient in that the trial court legally erred in not appropriately applying the Bergeron requirements in modifying custody in this case.[1] Therefore, I would affirm the court of appeal’s equally thoughtful and thorough opinion.

. See AEB v. JBE, 99-2668 (La.11/30/99), 752 So.2d 756, 761.